UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KEVIN GREENE,

                                 Plaintiff,

         -against-

THE COUNTY OF ULSTER, CORRECTIONS OFFICER
SHAWN ROCHE, CORRECTIONS OFFICER KYLE
MANNER, SERGEANT JASON BLEU,
SERGEANT WRANOVICS, and JOHN/JANE DOES 1-100
in their official capacity and individually, the names being
fictitious, as their entire names are presently unknown,

                                Defendants.
-------------------------------------------------------------------------X

Civil Action No.   9:18-CV-640
                            (TJM/TWD)

Trial by Jury Demanded

# COMPLAINT

**LAW OFFICES OF REGINA L. DARBY**
Attorneys for Plaintiff Kevin Greene
111 John Street, Suite 800
New York, NY 10038

KEVIN GREENE ("Plaintiff") by his attorneys, THE LAW OFFICES OF REGINA L. DARBY, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action seeking monetary relief against Defendants County of Ulster ("COUNTY"), Corrections Officers Shawn Roche ("Roche"), Kyle Manner ("Manner"), Sergeant Wranovics ("Wranovics") and Sergeant Jason Bleau ("Bleau"), and JOHN/JANE DOES 1-100 ("JOHN/JANE DOES").

2. Plaintiff brings this action against Defendants for damages arising from the use of excessive force, failure to intervene, and denial of medical attention, in violation of 42 U.S.C 1983.

## JURISDICTION

3. Plaintiff brings this action against Defendants COUNTY and correction officers ROCHE, MANNER, sergeant BLEAU, sergeant WRANOVICS and JOHN/JANE DOES to redress the denial of his rights, as secured by the Fourteenth Amendment and the Eighth Amendment of the United States Constitution.

4. This Court has jurisdiction over this case pursuant to 42 U.S.C. §1983, 28 U.S.C. §1381, and §1343(a)(3).

## VENUE

5. Venue is properly laid in the Northern District pursuant to 28 U.S.C §1391 because the events giving rise to this action occurred within that district.

## JURY DEMAND

6. Plaintiff respectfully demands a Trial by Jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff Kevin Greene is a citizen of the United States and at all relevant times a resident of the County of Ulster and State of New York.

8. Defendant COUNTY was and is a public corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant COUNTY owns the Ulster County Law Enforcement Center, in County of Ulster and State of New York.

10. Defendant COUNTY operates the Ulster County Law Enforcement Center, in County of Ulster and State of New York.

11. Defendant COUNTY maintains the Ulster County Law Enforcement Center, in County of Ulster and State of New York.

12. Defendant COUNTY supervises the Ulster County Law Enforcement Center, in County and Ulster and State of New York.

13. At all times hereinafter mentioned, Defendant correction officer ROCHE was an employee of the Defendant COUNTY, working for the COUNTY, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

14. At all times hereinafter mentioned, Defendant correction officer MANNER was an employee of the Defendant COUNTY, working for the County of Ulster, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

15. At all times hereinafter mentioned, Defendant sergeant BLEU was an employee of the Defendant COUNTY, working for the County of Ulster, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

16. At all times hereinafter mentioned, Defendant sergeant WRANOVICS was an employee of the Defendant COUNTY, working for the County of Ulster, and at all times herein was acting in such capacity as agent, servant and employee of the Defendant COUNTY.

17. At all times hereinafter mentioned, Defendant correction officers JOHN/JANE DOES were employees of the Defendant COUNTY, working for the County of Ulster, and at all times herein were acting in such capacity as agents, servants and employees of the Defendant COUNTY.

18. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

19. Each and all of the acts of Defendants ROCHE, MANNER, BLEU, WRANOVICS and JOHN/JANE DOES alleged herein, were committed by Defendants ROCHE, MANNER,

BLEU, WRANOVICS and JOHN/JANE DOES while acting within the scope of their employment with Defendant COUNTY.

## FACTS

20. That on or about July 9, 2015, at 5:30 a.m., Plaintiff was an inmate at the Ulster County Law Enforcement Center.

21. That at the above place and time Defendant, ROCHE kicked Plaintiff while he was in his jail cell.

22. That at the above place and time Defendant, ROCHE punched Plaintiff in his face while he was in his jail cell.

23. That at the above place and time Defendant, MANNER twisted Plaintiff's arm and smashed it in the food tray slot, while he was in the jail cell.

24. As a direct result, Plaintiff suffered severe injuries, including: a nasal fracture, post-traumatic stress disorder, a concussion, post-concussion syndrome, soft tissue scalp swelling, scrapes and cuts on face, numbness in hands, neck pain, breathing problems, swollen eye, nausea, dizziness, and migraines, as well as permanent psychological injuries, including but not limited to: anxiety, depression, embarrassment, emotional distress, mental and emotional anguish, and a resulting loss of enjoyment of life.

25. Defendant ROCHE observed the incident involving MANNER but failed to intervene on Plaintiff's behalf, although he had a realistic opportunity to do so, because the assault lasted several minutes.

26. Defendant MANNER observed the incident involving ROCHE but failed to intervene on Plaintiff's behalf, although he had a realistic opportunity to do so, because the assault lasted several minutes.

27. Defendants JOHN/JANE DOES observed the incident of excessive force but failed to intervene on Plaintiff's behalf, although they had a realistic opportunity to do so, because the assault lasted several minutes.

28. Despite Plaintiff's severe injuries, Defendant ROCHE was deliberately indifferent to the Plaintiff's medical needs by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

29. Despite Plaintiff's severe injuries, Defendant MANNER was deliberately indifferent to the Plaintiff's medical needs by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

30. Despite Plaintiff's severe injuries, Defendant BLEU was deliberately indifferent to the Plaintiff's medical needs by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

31. Despite Plaintiff's severe injuries, Defendant WRANOVICS was deliberately indifferent to the Plaintiff's medical needs by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

32. Despite Plaintiff's severe injuries, Defendants JOHN/JANE DOES were deliberately indifferent to the Plaintiff's medical needs by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

33. Plaintiff was not taken for medical attention until after there was a shift change, since his nose continued to bleed, and he was not taken to the hospital until later in the evening after he was experiencing constant dizziness and continuous vomiting due to the blow he suffered.

34. Due to the excessive force used by Defendant ROCHE, Plaintiff's civil rights were violated.

35. Due to the excessive force used by Defendant MANNER, Plaintiff's civil rights were violated.

36. Due to the excessive force used by Defendant BLEU, Plaintiff's civil rights were violated.

37. Due to the excessive force used by Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

38. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant ROCHE, Plaintiff's civil rights were violated.

39. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant MANNER, Plaintiff's civil rights were violated.

40. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant BLEU, Plaintiff's civil rights were violated.

41. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendant WRANOVICS, Plaintiff's civil rights were violated.

42. Due to the deliberate indifference to Plaintiff's medical needs, shown by Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

43. Due to the failure to intervene on the part of Defendant ROCHE, Plaintiff's civil rights were violated.

44. Due to the failure to intervene on the part of Defendant MANNER, Plaintiff's civil rights were violated.

45. Due to the failure to intervene on the part of Defendants JOHN/JANE DOES, Plaintiff's civil rights were violated.

46. At all times pertinent to these allegations, Plaintiff was unarmed and did not pose a threat of death or bodily injury to the Defendants.

47. As a result of the above, Plaintiff sustained severe physical injuries, including: a nasal fracture, post-traumatic stress disorder, a concussion, soft tissue scalp swelling, nausea, dizziness, and migraines, as well as permanent psychological injuries, including but not limited to: anxiety, depression, embarrassment, emotional distress, mental and emotional anguish, and a resulting loss of enjoyment of life.

48. Defendant ROCHE acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

49. Defendant MANNER acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

50. Defendant BLEU acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

51. Defendant WRANOVICS acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

52. Defendants JOHN/JANE DOES acted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

53. Plaintiff was unarmed and confined in his cell when Defendant ROCHE kicked him.

54. Plaintiff was unarmed and confined in his cell when Defendant ROCHE punched him.

55. Plaintiff was unarmed and confined in his cell when Defendants BLEU pepper sprayed him.

56. Plaintiff was unarmed and confined in his cell when Defendants MANNER twisted his arm.

57. Plaintiff was unarmed and confined in his cell when Defendants JOHN/JANE DOES assaulted him.

58. Defendants used excessive force against him, force which was not rationally related to a legitimate non-punitive purpose, in violation of the Fourteenth Amendment's Due Process Clause.

**As and For a First Cause of Action:**

**VIOLATION OF 42 U.S.C. § 1983 AS TO DEFENDANT ROCHE and JOHN/JANE DOES 1-100 FOR USE OF EXCESSIVE FORCE**

**(PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT)**

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

60. On July 9, 2015 in the "County" and State of New York, Defendant ROCHE, without just cause or provocation, intentionally beat and used excessive force against Plaintiff by continuously assaulting him without provocation, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm to these defendants or others.

61. Defendant ROCHE beat and used excessive force against Plaintiff, by kicking and punching him, when he had no lawful authority to use deadly or non-deadly force against Plaintiff.

62. In beating and employing excessive force against Plaintiff, Defendant ROCHE acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

63. Defendant MANNER beat and used excessive force against Plaintiff, by twisting and smashing his arm and continuously assaulting him without just provocation, when he had no lawful authority to use non-deadly force against Plaintiff.

64. In beating and employing excessive force against Plaintiff, Defendant MANNER acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

65. On July 9, 2015 in the "County" of Ulster and State of New York, Defendant BLEU, without just cause or provocation, used excessive force against Plaintiff, by pepper

spraying him, when Plaintiff was unarmed and did not pose a threat of grievous bodily harm to these defendants or others.

66. Defendant BLEU used excessive force against Plaintiff, when he had no lawful authority to use non-deadly force against Plaintiff.

67. In employing excessive force against Plaintiff, Defendants BLEU acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

68. At the time of the incident complained of herein, Ulster Officer BLEU was an employee of County of Ulster, and acted under color of law as a police officer.

69. Defendant BLEU used excessive force against Plaintiff, by pepper spraying Plaintiff in the face, when said Defendants had no lawful authority to use such force.

70. On July 9, 2015 in the "County" and State of New York, Defendants JOHN/JANE DOES, without just cause or provocation, used excessive force against Plaintiff by continuously assaulting without provocation, when Plaintiff was unarmed and did not pose a threat of grievous bodily harm to these defendants or others.

71. Defendant JOHN/JANE DOES used excessive force against Plaintiff, when they had no lawful authority to use non-deadly force against Plaintiff.

72. In employing excessive force against Plaintiff, Defendants JOHN/JANE DOES acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of Plaintiff.

73. At the time of the incident complained of herein, Ulster Officers JOHN/JANE DOES were employees of County of Ulster, and acted under color of law as police officers.

74. Defendant JOHN/JANE DOES used excessive force against Plaintiff, by pepper spraying Plaintiff in the face, when said Defendants had no lawful authority to use such force.

75. Defendants ROCHE, MANNER, BLEU and JOHN/JANE DOES acted in a way that was grossly disproportionate to the need for action under the circumstance. Their abuse of Plaintiff was not merely a careless misapplication of their duties, but rather was rooted in malice and a wanton disregard for Plaintiff's safety.

76. As a result of the Defendants' intentional assault, Plaintiff sustained severe physical injuries, including: a nasal fracture, a concussion, post-concussion syndrome, soft tissue scalp swelling, scrapes and cuts on face, numbness in hands, neck pain, breathing problems, swollen eye, nausea, dizziness, and migraines, as well as permanent psychological injuries, including but not limited to: post-traumatic stress disorder, anxiety, depression, embarrassment, emotional distress, mental and emotional anguish, and a resulting loss of enjoyment of life.

77. The intentional beatings of Plaintiff by the Defendants violated the rights of Plaintiff as guaranteed by the Fourteenth Amendment to the United States Constitution.

78. By virtue of these violations of Plaintiff's rights, as guaranteed by the United States Constitution, Defendants ROCHE, MANNER, BLEU and JOHN/JANE DOES 1-100 are liable for violations of 42 U.S.C. § 1983.

**As and For a Second Cause of Action:**

**VIOLATION OF 42 U.S.C. § 1983 AS TO ALL DEFENDANTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS (PLAINTIFF'S EIGHTH AMENDMENT RIGHT)**

79. Plaintiff repeats and re-alleges each and every allegation set forth and contained in Paragraphs "1" through "67" inclusive, with the same force and effect as if fully set forth herein at length herein.

80. Defendant ROCHE denied Plaintiff the right to medical care after the attack occurred, by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

81. Defendant MANNER denied Plaintiff the right to medical care after the attack occurred, by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

82. Defendant BLEU denied Plaintiff the right to medical care after the attack occurred, by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

83. Defendant WRANOVICS denied Plaintiff the right to medical care after the attack occurred, by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

84. Defendants JOHN/JANE DOES, denied Plaintiff the right to medical care after the attack occurred, by failing to take him for medical treatment after being advised by Plaintiff that he thought his nose was broken and was bleeding profusely as a result of the excessive force.

85. Plaintiff suffered serious injuries as a result of the incident, and was in need of immediate medical attention. The indifference shown by the individual Defendants, to the serious medical needs of Plaintiff, when they knew of his condition but disregarded it, violated the rights of Plaintiff as guaranteed by the Eighth Amendment to the United States Constitution.

86. By virtue of these violations of Plaintiff's rights as guaranteed by the United States Constitution, the individual defendants are individually liable for violations of 42 U.S.C. § 1983.

## As and For a Third Cause of Action:

### VIOLATION OF 42 U.S.C. § 1983 AS TO DEFENDANT MANNER, BLEAU AND JOHN/JANE DOES DUE TO FAILURE TO INTERVENE (PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT)

87. Plaintiff repeats and re-alleges each and every allegation set forth and contained in Paragraphs "1" through "75" inclusive, with the same force and effect as if fully set forth herein at length herein.

88. Agents and employees of the government have a duty to intervene when an individual's civil rights are being violated by another government agent or employee.

89. The failure of Defendant Correction Officer ROCHE, MANNER and Defendants JOHN/JANE DOES 1-100 to intervene on behalf of Plaintiff, during the attack by Defendant ROCHE and MANNER, represents a violation of Plaintiff's civil rights.

90. Defendants ROCHE, MANNER and JOHN/JANE DOES had a realistic opportunity to intervene and potentially prevent the incident, in that the assault took place over several minutes, but failed to do so.

91. As a direct result of the unconstitutional acts described above, Plaintiff experienced severe pain and suffering.

92. This conduct on the part of Defendants ROCHE, MANNER and JOHN/JANE DOES represent a violation of 42 U.S.C. §1983, given that the conduct was undertaken under color of state law.

**WHEREFORE**, Plaintiff demands judgment against the individual Defendants, as to all causes of action both jointly and severally, for both compensatory and punitive damages in an amount to be determined by a jury; reasonable attorney's fees; the costs and disbursements of this action; an award of punitive damages; and such other and further relief as appears just and proper.

Dated: New York, New York
       June 4, 2018

*[signature: Regina L. Darby]*

Regina L. Darby, Esq.
LAW OFFICES OF REGINA L. DARBY
*Attorneys for Plaintiff KEVIN GREENE*
111 John Street, Suite 800
New York, NY 10038

TO: COUNTY OF ULSTER
    244 Fair Street
    Kingston, New York 12401